The judgment of the court was pronounced by
Eustis, C. J.
The object of this suit is to subject to a judicial mortgage, the North-East half of section 35, township No. 9, range 9 East, in possession of the defendants. The judgment from which the mortgage results, was rendered against Charles N. Rowley, on the 25th of June, 1841, and was duly recorded in the parish of Concordia, where the land was situated.
On the 16th of December, 1839, C. N. Rowley entered the land at the land-office, in Ouachita, and paid for it, taking the usual duplicate receipt in his own name, which he recorded in the parish of Concordia, on the 24th of November, 1840. He afterwards, jointly with his wife, mortgaged this land by an authentic act. On the 6th of September, 1842, Rowley appears to have sold his interest in one-half the land to Samuel Wood, under whom the other defendants claim. This sale could not defeat the judicial mortgage previously recorded against Rowley.
But, it is contended by the counsel for the defendants, that in the purchase from the United States, Rowley was merely the trustee of Wood and another, *199 for one-half the land, it having been purchased by Roioley, on their joint account, and Rowley binding himself to convey the half to them, on an amicable partition, and on their refunding Rowley their share of the purchase money. It is sufficient to say, that the evidence by which the interest of Wood and Moore, his associate, is supported, is under private signature, aided by verbal testimony, and can have no effect against third persons. The apparent title of record was in Rowley, and the property was bound by judgments recorded against him. Stockton v. Craddick, 4th Ann. 283. Hyams v. Richardson, 1 Ann. 286.
It is also contended by the counsel, that at the time of the transfer of the half of the land to Wood, which was in pursuance of the original agreement, the patent for the land not having been issued, Rowley had no other than an equitable title; the legal title being in the United States, and his entry being liable to be cancelled. It is true, that, under the jurisprudence of the United States, until the patent is issued, the fee of land is considered as being in the Government, But this constitutes no objection to the recognition by courts of other evidence of tide from the Government, as sufficient ground for recovery in an action for the land, or as proof of a right of property. Bagnell et al. v. Broderick, 13 Peters, 436.
Lands held under instruments like those exhibited as the title of Rowley, are considered as entering into the domain of private property, and may be liable to taxation. Carrol v. Safford, 3 Howard, 461. The formal receipts of the receivers of public moneys for the price of public lands, have always been held by our courts sufficient basis for a petitory action, in which the land itself could be recovered. McGill v. McGill, 4 Ann. 265.
We therefore conclude, that, under our jurisprudence, the title by which Roioley held the land, to wit, the receipt of the receiver, was sufficient to make the land his property, so as to subject it to the judicial mortgage resulting from the judgment against him. We think the district court erred in rendering judgment against the plaintiff.
It is therefore decreed, that the judgment of the district court be reversed, and that the North-East half of section 35, township No. 9, and range 9 East, according to the plan on file, be subjected to the mortgage resulting from the recording of the judgment of tlie commercial bank, against Charles N. Rowley, of date the 25th June, 1841, the defendants paying the costs in both courts.